
**NOT FOR PUBLICATION**

MAY 15 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAGANDEEP SINGH, | No. 11-71362 |
| Petitioner, | Agency No. A098-456-594 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2015[**]
San Francisco, California

Before: FISHER and PAEZ, Circuit Judges, and QUIST, District Judge.[***]

Gagandeep Singh petitions for review of the Board of Immigration Appeals'

(BIA) decision affirming the Immigration Judge's (IJ) determination that he was

removable for having procured a visa through marriage fraud, *see* 8 U.S.C. §

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Gordon J. Quist, Senior District Judge, United States
District Court for the Western District of Michigan, sitting by designation.

1227(a)(1)(G)(ii), and that he was therefore ineligible for adjustment-of-status or voluntary departure. Reviewing the BIA's and IJ's findings of fact for substantial evidence, *see Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013), we deny the petition.

**1.** The BIA and IJ properly relied on objective evidence in the record to determine Singh and his putative spouse, Daylen Mikha Mills, did not "intend[] to establish a life together at the time they were married." *Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir. 2004). The couple had only brief encounters leading up to the marriage, Mills received $5,000 after the engagement, the couple lived together only a brief period of time after marriage and then lived separately, they never consummated the marriage and did not have joint health insurance or property. Mills also made a sworn statement to a U.S. Citizenship and Immigration Services (USCIS) adjudicator that the marriage was not real and that she was paid $5,000 in exchange for marrying Singh.[1]

Unexplained inconsistencies in Singh's and Mills' testimony provided substantial evidence in support of the Board's findings that they were not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Singh testified that

---

[1] Singh did not challenge these particular factual findings before the BIA. Instead, he argued the BIA erred in its adverse credibility determinations and its ultimate finding of marriage fraud.

the couple's initial meeting was not prearranged, but Mills wrote on the fiancé visa application that the two were introduced by a mutual friend, a discrepancy neither Singh nor Mills could explain. Singh also testified that Mills' father helped pay for her trips to India, whereas Mills claimed that her trips were "sponsored" and that her first trip was arranged by a man named Fred and Singh's family paid for her second trip.

In contrast, the Board credited the testimony of the USCIS adjudicator Rebecca Cataldo who interviewed Singh and Mills for Singh's application for adjustment of status.[2] Cataldo noted discrepancies in the couple's testimony, including about whether they stayed home or visited relatives during the previous Christmas, whether they exchanged gifts or cards on Christmas and how they arrived at the interview. Cataldo also testified, and Singh later confirmed, that Mills was hospitalized for three or four days for pancreatitis eleven months after their marriage, and Singh never visited her in the hospital.

The facts and credibility determinations above provided substantial evidence in support of the finding by clear and convincing evidence that Singh committed marriage fraud to obtain a visa. *See Nakamoto*, 363 F.3d at 882. The BIA

---

[2] Singh does not challenge the IJ's and BIA's favorable credibility findings with regard to Cataldo.

3

therefore did not err in determining Singh was removable. *See* 8 U.S.C. § 1227(a)(1)(G)(ii).

**2.** Because substantial evidence supports the BIA's determination that Singh was removable for having committed marriage fraud, the BIA's denial of Singh's adjustment of status petition was not in error. *See Nakamoto*, 363 F.3d at 883 n.6.

**3.** The foregoing findings regarding marriage fraud also provide substantial evidence in support of the BIA's finding that Singh testified falsely about his marriage in order to obtain immigration benefits. *See Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). Because Singh's false testimony precluded a finding of good moral character, *see* 8 U.S.C. § 1101(f)(6), the BIA did not err in concluding he was statutorily ineligible for voluntary departure. *See id.* § 1229c(b)(1)(B).

**PETITION DENIED.**

4